IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**WILLIAM STEWART,**

    Plaintiff,

v.

**MICHAEL MOSES and
CHAD WYNN**,

    Defendants.

Civil Action No. 7:14-CV-34 (HL)

### ORDER

This case is before the Court on Defendants' joint Motion for Judgment on the Pleadings. (Doc. 6). For the reasons discussed below, the Court **GRANTS** Defendants' motion.

**I.    BACKGROUND**

On February 10, 2014, Plaintiff filed a *pro se* Complaint for Damages in the Superior Court of Colquitt County, Georgia against Michael Moses and Chad Wynn, officers employed by the Georgia Department of Public Safety. (Doc 1-1, pp. 1-2). Plaintiff alleged that Defendants subjected him to "excessive unreasonable and negligent force" during the course of a traffic stop and ensuing arrest. Plaintiff made a $5,000.00 demand for medical expenses and lost wages and a $1,000,000.00 claim for punitive damages.

Defendants removed the case to this Court on March 12, 2014. (Doc. 1). Then, on April 11, 2014, Defendants' filed their Motion for Judgment on the Pleadings. (Doc. 6). Because Plaintiff is proceeding *pro se*, the Court notified Plaintiff about the pending motion and the possible consequences if he failed to respond. (Doc. 8). Plaintiff's mother filed a response to the motion on his behalf on May 1, 2014. (Doc. 10). Under 28 U.S.C. § 1654, a party may represent himself personally in any proceeding in the courts of the United States; however, Plaintiff's non-attorney mother, even acting as an agent under a valid power of attorney, lacks the authority to represent Plaintiff. See Jacox v. DOD, 2007 U.S. Dist. LEXIS 1871 (M.D. Ga. Jan. 10, 2007). "The existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney." Id. at * 4. Accordingly, the Court must strike Plaintiff's response.

Defendants questioned Plaintiff's mother's right to represent Plaintiff in their reply brief. (Doc. 11). On May 29, 2014, Plaintiff's mother attempted to remedy this issue by filing a rebuttal response signed by Plaintiff. (Doc. 12). While Plaintiff's signature appears on the document, it is clear from the pleading that Plaintiff's mother again prepared and filed the response with the explanation that Plaintiff is "mentally unable to comprehend." Even if Plaintiff prepared the brief on his own accord, Local Rule 7.3.1(b) provides that the Court does not

favor sur-reply briefs. "A party desiring to file a sur-reply brief must move in writing for permission to do so within fourteen (14) days of the filing of the brief to which reply is desired." M.D. Ga. L.R. 7.3.1(c). Plaintiff failed to move the Court in a proper manner for leave to file his sur-reply, and the Court shall not consider the contents of Plaintiff's brief.

## II.   FACTS

On February 10, 2012, Defendants Moses and Wynn stopped a vehicle operated by Plaintiff. (Doc. 1-1, ¶ 3). Plaintiff alleges that Defendants "used excessive unreasonable and negligent force upon the Plaintiff." (Doc. 1-1, ¶ 3). According to Plaintiff, in the course of placing him under arrest, Defendants hit him in the head and face with their fists. (Doc. 1-1, ¶ 7). Defendant Moses hit Plaintiff with handcuffs. (Doc. 1-1, ¶ 7). Plaintiff asserts that he was not resisting arrest and that Defendants' actions constituted an illegal and willful assault. (Doc. 1-1, ¶ 7).

As a result of Defendant's actions, Plaintiff claims he suffered "facial disfigurements, brain damage, vision damage, and eye damage" and that these injuries are permanent. (Doc. 1-1, ¶¶ 8, 9, 14). He alleges that the attack upon his person violated his Fourth Amendment rights and that he is entitled to recover both general and punitive damages under 42 U.S.C. § 1983. (Doc. 1-1, ¶¶ 5, 10-13). Plaintiff also asserts state law claims for negligence. (Doc. 1-1, ¶¶ 3-4, 12).

Defendants jointly move for judgment on the pleadings.

## II.   MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD

A motion for judgment on the pleadings is "'appropriate only when the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1213 (11th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In relation to a claim asserted under 42 U.S.C. § 1983, a plaintiff must plead sufficient factual allegations that a person acting under color of state law deprived him of a constitutionally protected right or privilege. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Where a litigant fails to satisfy these requirements or to provide factual support for his claims, then the complaint is subject to dismissal. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The court must accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271,1273 n. 1 (11th Cir. 1999). While the court holds *pro se* pleadings to a less stringent standard than pleadings prepared by an attorney, see Salas v. Pierce, 297 Fed. Appx. 874, 875 (11th Cir. 2008), the court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the

cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)).

## III. ANALYSIS

### A. Heck v. Humphrey

Defendants move the Court to dismiss Plaintiff's claims as barred by the U.S. Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that

> when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 487. Thus, when considering whether a § 1983 claim is Heck-barred, the Court "must determine whether a plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction." Shaw v. Terrill, 2014 U.S. Dist. LEXIS 61960, at *8 (N.D. Fla. March 20, 2014). Heck will only bar a § 1983 lawsuit where success on the merits would logically contradict the underlying conviction. Dyer v. Lee, 488 F.3d 876, 884 (11th Cir. 2007).

Plaintiff here pleaded guilty to a variety a charges stemming from the February 10, 2014 traffic stop, including obstruction of a law enforcement officer.[1] (Doc. 6-2, pp. 3-7, 13). An individual commits the crime of obstruction when he "knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties." O.C.G.A. § 16-10-24. Plaintiff does not deny the guilty plea. However, Plaintiff now claims that he "was not resisting Defendants' attempts to arrest him" and that Defendants violated his Fourth Amendment right to be free from the use of excessive force in the course of his arrest. (Doc. 1-1, p. 5).

The Eleventh Circuit has allowed § 1983 suits for claims of excessive use of force where the allegations "did not necessarily imply the invalidity of the underlying convictions." Salas, 297 Fed. Appx. At 876 (citing to Dyer, 488 F.3d at 881-82). As explained in Dyer, to *per se* bar any § 1983 claim for excessive force any time the plaintiff is convicted of obstruction or resisting arrest would in effect mean that "once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages. . . . This would open the door to undesirable behavior and gut a large share of the protections provided by § 1983." 488 F.3d at 884 (quoting VanGilder v. Baker, 435 F.3d 689, 692 (7th Cir. 2006)). Still, in order to remain in line with

---

[1] A court may take judicial notice of another court order for the purpose of recognizing the judicial action taken. Olmstead v. Humana, Inc., 154 Fed. Appx. 800, 803 n. 3 (11th Cir. 2005).

6

the intended import of Heck, any allegations of use of excessive force cannot negate the underlying obstruction conviction. See id. at 881-83.

Plaintiff's § 1983 must fail under Heck because to substantiate his allegations that he did not resist arrest and that Defendants subjected him to unreasonable force would directly contradict his conviction for obstruction. See Hayward v. Kile, 2009 U.S. Dist. LEXIS 59472 (S.D. Ga. July 13, 2009) (Section 1983 claim for excessive force Heck-barred where the plaintiff, who was convicted of obstruction, alleged that he did not resist arrest and that the force used by arresting officers was unreasonable). One of the elements of O.C.G.A. § 16-10-24 is the lawful discharge of the law enforcement officer's official duties. Plaintiff's theory that he did not resist arrest and that Defendants unlawfully attacked him without provocation collaterally attacks his conviction for obstruction in violation of Heck. Plaintiff "voluntarily steered the action into Heck territory by making specific allegations in the complaint that were inconsistent with the facts upon which his criminal conviction was based." Id. at *3 (internal citations and punctuation omitted). The Court accordingly holds that Plaintiff's § 1983 claims are Heck-barred and must be dismissed.

Because the Court finds that Plaintiff's § 1983 claims are Heck-barred, the Court need not reach the merits of Defendants' remaining arguments in opposition to Plaintiff's § 1983 claims.

### B. State Law Claims

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983, a federal claim over which this Court has original subject matter jurisdiction. 28 U.S.C. § 1331. In his complaint, Plaintiff additionally asserts state law negligence claims. While the Court maintains the authority to exercise supplemental jurisdiction over related state law claims, the Court may decline to do so where the claims over which the Court has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3); see also Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (encouraging district courts to dismiss any remaining state claims when federal claims are dismissed prior to trial). As explained above, Plaintiff's claims under § 1983, the sole claims over which the Court may exercise original jurisdiction, are dismissed as Heck-barred. The Court elects not to exercise supplemental jurisdiction over the remaining state law claims. Therefore, those claims are dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings (Doc. 6) is granted. The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

**SO ORDERED**, this 2nd day of July, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks